### JOSEPH VIVIOLA v. EDWARD KUEZEK.

(No. 52, Tex. L. J., vol. 1, p. 83.)

APPEAL from Fayette County. Opinion by ECTOR, P. J.

§ 634. *New trial; conflict in evidence; practice on appeal, with regard to.* The principles which would authorize the appellate court in setting aside the verdict, upon the ground that the finding is contrary to the evidence, in cases where there is a conflict in the evidence, are well settled. Where the court below in a civil case has exercised its discretion, and refused to set aside the verdict and judgment, this court will not interfere, unless it appear that the judgment is *clearly wrong.* The presiding judge, being an eye and ear witness at the trial, cognizant of all the circumstances attending it, observing

the appearance of the witnesses, their attitudes, intonations of voice, consistency or contradictions, must be infinitely better qualified to judge of the propriety of granting a new trial than we can be, who see the case only as it appears upon the record. "The jury are the exclusive judges of the weight and credibility of testimony, and especially is this the case where the testimony is conflicting. Under such circumstances it is well settled in the adjudications of this court that a verdict will not be disturbed because the jury may have erred. In order to justify this court in setting aside a verdict, it is not sufficient that it does not appear clearly to be right; it must appear to be clearly wrong." [Stroud v. Springfield, 28 Tex. 649; Ables v. Donley, 8 Tex. 363.]

§ 635. *Attachment; remedy by, and consequences of resorting to.* The remedy by attachment is a hard one, as has been often said. A party, on his own affidavit, may seize the goods of another, take them from his possession, stop his business, put him to great inconvenience, and injure his business and credit. The only security that the citizen can have against this most summary remedy is that the defendant has a right to require the plaintiff to comply strictly with the conditions on which this remedy is granted. It is intended to aid honest men, and assist them in collecting their debts whenever they can comply strictly with the conditions of the statute with regard to attachments. But it was never intended that it should be used wrongfully or maliciously. A party who resorts to an attachment process does so at his peril. No belief, however firm and sincere, that the grounds set out in his affidavit for an attachment are true, if they are untrue, can affect the defendant's right to recover the actual damages sustained by reason of the wrongful suing out of this process. [Drake on Attachments, 174.] And if it was not only wrongfully sued out, but was also maliciously done, and without probable cause for believing the ground of the attachment to be true, he is liable, in addition, for vindictive or exemplary

damages, as a punishment upon him for his wrongful and oppressive use of this process. [See an able discussion of the subject in Culberson v. Cabeen, 29 Tex. 255.]

February 8, 1877.　　　　　　　　　　Affirmed.